A. D. DICKERSON, INCORPORATED, RESPONDENT, v. JACOB H. LEVINE ET AL., APPELLANTS.

Submitted December 7, 1922—Decided February 28, 1923.

1. Proof that the plaintiff, a foreign corporation, had sold large quantities of goods to customers in this state, and that the delivery was made, and the purchase price paid, in this state, does not suffice to show that such foreign corporation was "transacting business in this state" in violation of the provisions of the Revised Corporation act of 1896. *Pamph. L., p.* 307. To bring the case within the provision of the statute it must appear affirmatively that the contracts for sale were made and completed in this state; in other words, that the orders for the goods were given in this state by the defendant, and that such orders were accepted in this state by the plaintiffs.

2. Failure of plaintiff to prove specific damages resulting from a wrongful breach of contract, will not justify a nonsuit, as proof of a breach will entitle the plaintiff to at least nominal damages.

On appeal from the Passaic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellants, *Peter J. McGinnis.*

For the respondent, *Robert H. Cunningham.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, a New York corporation, brought suit for the recovery of damages resulting to it from the breach of a written contract for the sale of one thousand barrels of cider, a part of which, as the plaintiff alleges, the defendants refused to accept upon tender of delivery. The trial resulted in a verdict in favor of the plaintiff, and the defendants appeal.

The principal ground upon which we are asked to reverse the judgment is that, at the time of the making of this contract, the plaintiff was "transacting business in this state,"

in violation of the provision of the Revised Corporation act of 1896 (*Pamph. L., p.* 307, § 97), which requires every foreign corporation not expressly excepted by the statute, before transacting any business in this state, to file in the office of the secretary of state a copy of its charter, a statement of the amount of its capital stock authorized and the amount actually issued, the character of the business which it proposes to transact in the state, and a designation of its principal office in the state and of an agent upon whom process may be served; and that, consequently, it is barred by section 98 of the statute from prosecuting this suit, that section declaring that a foreign corporation which has not complied with the provisions of section 97 shall not be permitted to maintain "any action in this state upon any contract made by it in this state."

It will be observed that the contention requires the determination of two distinct matters: (1) whether the company at the time of making this contract was transacting business in this state in violation of the statutory provision appealed to; and (2) whether this particular sale was a part of that business.

Taking up the consideration of the first of the matters embraced in the contention. It appears from the proofs sent up with the state of the case that on numerous occasions prior to the making of the contract in suit the plaintiff had sold large quantities of its products to New Jersey customers; that the delivery thereof was made in this state, and the purchase price also paid here. There was, however, no proof, nor was there any offer to prove that any one of these contracts of sale was completed in this state—that is to say, that both the order for the goods and the acceptance of the order took place within the state. We think it is settled by the decision of the Court of Errors and Appeals in *Delaware and Hudson Canal* v. *Mahlenbrock*, 63 *N. J. L.* 281, 286, that orders for goods given in this state to a representative of a foreign corporation, which orders are transmitted to the home office of the corporation for approval and acceptance by it, and are there accepted, after which the goods are shipped from

the home office or plant of the company to the buyer in New Jersey, do not constitute the transaction of business in this state within the meaning of the statute, even though payment for the goods sold is made by the buyer upon delivery to him in New Jersey. This being so, the defence that the plaintiff was transacting business in New Jersey in violation of our statute was entirely unsupported by the evidence.

The resolving against them of the first matter contained in the appellants' contention makes it unnecessary to determine whether or not the contract involved in the present suit was made and completed in this state, for the ninety-eighth section of the statute only prohibits the maintaining of an action by a foreign corporation upon a contract made by it in this state when it is transacting business within our borders in violation of section 97 of that statute.

The next ground upon which we are asked to reverse is that the trial court committed error in its ruling as to the measure of damages to be awarded to the plaintiff in case it should succeed in maintaining its action. But this question is not properly before us. The contention is attempted to be justified upon the ground that, because of the failure of the plaintiff to prove any specific damages resulting from the breach of the contract by the defendants, the trial court should have nonsuited. But this, of course, as a proposition of law, is unsound; for, if the plaintiff proved that the contract had been broken by the defendants without just cause, it was entitled to recover at least nominal damages for the breach, and the direction of a nonsuit would have been improper.

We are also asked to reverse upon the ground that the trial court committed error in overruling the following question. asked of one Dickerson, the president of the plaintiff corporation (on his cross-examination) : "What proportion of the stock do you hold ?" The question was overruled as irrelevant, and we think that the action of the trial court in this regard was proper. The rights of the plaintiff corporation could not be in the least affected by the quantity of the stock held by the president. Whether he held ten per cent. or ninety-nine per cent. was quite outside of the issue.

The last ground of reversal is that the trial court improperly instructed the jury that in bringing in its verdict it should specially find whether or not the contract sued upon was or was not a New Jersey contract. ' The idea of counsel seems to be that in a case of this kind it is improper for the court to leave it to the jury to find any specific fact, but should confine them to the rendition of a general verdict. We do not find it necessary to consider this question, for the reason that, if it be assumed that the court was in error in so instructing the jury, that error was harmless so far as the defendants were concerned, for the reason above indicated.

The judgment under review will be affirmed.